COMMONWEALTH *vs.* ALEXIS FUENTES. No. 96-P-1781. December 2, 1998. *Practice, Criminal,* Required finding, Admissions and confessions, Voluntariness of statement. *Joint Enterprise. Evidence,* Threat, Consciousness of guilt, Flight, Admissions and confessions.

The defendant was convicted by a Superior Court jury of arson of a dwelling, on a theory of joint venture.[1] On appeal, the defendant contends that the trial judge should have granted his motion for a required finding of not guilty, and that the defendant's postarrest statements should have been suppressed.

The jury could have found the following facts beyond a reasonable doubt. The defendant was walking past an apartment building when he encountered five other men with whom he was acquainted. One of these men was carrying a large screwdriver or crowbar, another was carrying a gas can, and another was carrying matches. One of the men told the defendant to watch out for police. The defendant stayed at the rear of the building, and was observed by a witness inside the same building who was looking out her bedroom window. The witness, who was previously acquainted with the defendant, testified that she saw the defendant's head "moving around."

From a different window, the witness saw four of the other defendants breaking into the building. Approximately five minutes later, she saw the four run out of the building, screaming. The witness then saw flames and smoke. Four days after the fire, the witness's mother was confronted by the defendant, who told her that he knew she was the one that "snitched" on him, and that he was going to do something to her that she would regret.

*Motion for required finding.* In reviewing the denial of a motion for a required finding of not guilty, an appellate court must determine whether,

---

[1]The defendant was tried separately from the five other persons alleged to have participated in the arson, due to the fact that the defendant made postarrest statements.

"upon viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Andrews*, 427 Mass. 434, 440 (1998), quoting from *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979) (emphasis in original). "We may consider circumstantial evidence of guilt together with inferences drawn therefrom that appear reasonable and not overly remote." *Commonwealth* v. *Andrews*, 427 Mass. at 440.

"The test [for joint venture] is whether [the] defendant was (1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." *Commonwealth* v. *Morse*, 42 Mass. App. Ct. 936, 937 (1997), quoting from *Commonwealth* v. *Longo*, 402 Mass. 482, 486 (1988).

In the present case, the Commonwealth based its theory of joint venture on a contention that the defendant served as a lookout for five other individuals who actually started the fire. The defendant admits to having been present at the fire, and to having seen the other defendants carrying various arson-related implements. However, the defendant argues that there is no evidence of agreement between the defendant and the other perpetrators.

"[A] person who acts as a lookout while others are engaged in a criminal enterprise can be convicted on a joint enterprise theory." *Commonwealth* v. *Ward*, ante 901, 902 (1998), quoting from *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 499 n.10 (1991). See *Commonwealth* v. *Pope*, 15 Mass. App. Ct. 505, 510-511 (1983) ("the defendant by prearrangement was stationed in a position where he might render . . . aid and encouragement, as a lookout . . . or as a decoy . . . or as an ally in making escape or in meeting any eventuality" [internal quotations omitted]).

Moreover, joint venture liability may arise without prior planning or agreement. It is "enough that at the climactic moments the parties consciously acted together in carrying out the criminal endeavor, each thereby becoming responsible for the acts of the others. An element of mutual assent at those moments no doubt there is, but there need not have been an anticipatory compact." *Commonwealth* v. *Branch*, 42 Mass. App. Ct. 181, 184 n.3 (1997), quoting from *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 513 (1987).

However, in order for the Commonwealth to withstand a motion for a required finding of not guilty, it cannot rely on evidence that merely places the defendant at the scene of the crime and shows him to be in association with the principals. *Commonwealth* v. *Saez*, 21 Mass. App. Ct. 408, 411 (1986). Rather, the Commonwealth must present additional evidence which implicates the defendant in the crime. *Ibid.*

Such additional evidence exists in the present case. Here, beyond that evidence to which the defendant admits, there was the testimony of the witness who saw the defendant's head "moving around," apparently in the manner of a lookout. It is true that this evidence, standing alone, might not have been enough to warrant a finding of guilty. See *Commonwealth* v. *Ward*, 45 Mass. App. Ct. at 902. See also *Commonwealth* v. *Saez*, 21 Mass. App. Ct. at 412.

However, there is additional evidence of intent and agreement. For example, the other perpetrators had called out to the defendant, and asked him to serve

as a lookout. The defendant heard this request, remained at the scene, and was subsequently observed moving his head around. Thus, this case is unlike *Saez*, where the court found that, in the absence of additional evidence of guilt, the "defendant's conduct equally suggests nothing more than that he probably realized that he was a witness to a crime." *Saez*, 21 Mass. App. Ct. at 412.

Moreover, four days after the crime, the defendant threatened the mother of the witness who had spoken to the police. "[E]vidence regarding threats or intimidation of key witnesses for the prosecution is admissible to demonstrate consciousness of guilt." *Commonwealth* v. *Miles*, 420 Mass. 67, 75 (1995). *Commonwealth* v. *Scanlon*, 412 Mass. 664, 676 (1992). Also, the defendant fled the scene after he saw the fire. Evidence of flight is probative of joint venture responsibility. See *Commonwealth* v. *Andrews*, 427 Mass. at 441; *Commonwealth* v. *Amaral*, 13 Mass. App. Ct. 238, 243-244 (1982).

Even though it may be a natural reaction for a person to flee when he or she sees a sudden fire in a building, the mere fact that there are two plausible explanations for why a defendant fled a crime scene does not mean that a jury is forbidden from finding that the flight was probative of guilt. See, e.g., *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982) (judge need not specifically instruct jury on defendant's explanation of why she fled scene — a general consciousness of guilt instruction is enough). In any event, the jury could have found that the defendant's admission that he saw the other perpetrators with matches, gasoline and a crowbar nullified any claim he could make as to being surprised and frightened.

In sum, the circumstances of this case, "no one of which alone would be enough to convict the defendant, combine to form a fabric of proof that was sufficient to warrant the jury's finding beyond a reasonable doubt" that this defendant participated in a joint venture to commit arson. *Commonwealth* v. *Cordle*, 404 Mass. 733, 741 (1989), quoting from *Commonwealth* v. *Rojas*, 388 Mass. 626, 630 (1983).

*Voluntariness of statements.* The defendant also contends that the Commonwealth failed to meet its burden of establishing the voluntariness of the defendant's statements, as well as the voluntariness of his *Miranda* waiver. *Miranda* v. *Arizona*, 384 U.S. 436 (1965). The defendant had motions to suppress twice denied prior to trial.

The defendant claims that he could neither read nor write, and that the police officers merely transcribed what he allegedly said. Additionally, the defendant argues that his age of eighteen, and the fact that two officers interrogated him, render his Miranda waiver and his statements involuntary.

When, as here, a motion judge makes careful written findings of fact, an appellate court will disturb those findings only upon a showing of clear error. *Commonwealth* v. *Selby*, 420 Mass. 656, 657 (1995). Moreover, we will view with respect the conclusions of law which are based on those factual findings. *Ibid.*

The only witness to testify at the motion hearing was one of the officers who had conducted the interrogation. The motion judge, based on this testimony and on the Miranda card, found that although the defendant is illiterate, "he has no difficulty speaking and communicating in English." The judge further noted that none of the factors pertaining to voluntariness, as enumerated in *Commonwealth* v. *Mandile*, 397 Mass. 410, 413 (1986), indicate

that the defendant's statements were involuntary. Since credibility determinations are for the finder of fact, we see no reason to disturb the judge's evaluation of the officer's testimony. *Commonwealth* v. *Rivera*, 424 Mass. 266, 269 (1997), cert. denied, 119 S. Ct. 346 (1998).

Further, the defendant made statements which were in part quite helpful to his own case. Where the defendant was giving the police officers such self-serving information, it seems unlikely that his "will . . . was overborne." *Commonwealth* v. *Selby*, 420 Mass. at 662-663. Likewise, there is nothing in the record to support the defendant's contention that because two police officers interrogated the defendant, his statements were involuntary.

The defendant also argues that a recording should have been made of his interrogation. However, neither this court nor the Supreme Judicial Court has ever mandated a recording be made of a defendant's postarrest statements. *Commonwealth* v. *Diaz*, 422 Mass. 269, 273 (1996). *Commonwealth* v. *Fernandes*, 427 Mass. 90, 98 (1998).

Finally, the defendant asserts legal error in the motion judge's written order, in which the judge did not explicitly state that he found "beyond a reasonable doubt" that the statements were voluntary. Such an argument is an attempt "to elevate form over substance," and is of no merit. *Commonwealth* v. *Brown*, 392 Mass. 632, 637 (1984).

*Judgment affirmed.*

*William R. Hill, Jr.*, for the defendant.

*Adam Bookbinder*, Assistant District Attorney, for the Commonwealth.